Robert P. Goe - State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
cmanee@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Counsel for Sunny Optics, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SUNNY OPTICS, INC.,<br><br><br>Debtor and Debtor in<br><br>Possession. | Case No. 8:19-bk-14711-CB<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF BANKRUPTCY CASES PURSUANT TO FED. R. BANKR. PROC. 1015(b) and LBR 1015-1(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[OMNIBUS DECLARATION OF VICTOR ANICETO IN SUPPORT AND APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE FILED IN AS DOCKET NOS. 25 AND 26 IN MEADE INSTRUMENTS CORP. DECEMBER 9, 2019]**<br><br>Hearing Date:  12/12/2019<br>Time:              11:00 a.m.<br>Courtroom:      5D |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANRUPTCY JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL PARTIES IN INTEREST,**

Sunny Optics, Inc., the debtor and debtor in possession ("Debtor") in the above-captioned bankruptcy case hereby moves for joint administration ("Motion") of the following bankruptcy cases:

- *In re Sunny Optics, Inc.* ("Optics"), 8:19-bk-14711 CB ("Optics Bankruptcy")

- *In re Meade Instruments, Corp.*, 8:19-bk-14714 CB ("Meade Bankruptcy").

This Motion is based upon this Notice of Motion and any additional notice required by the Court, the attached Memorandum Points of Authorities, the Omnibus Declaration of Victor Aniceto ("Aniceto Declaration") filed December 9, 2019 as Docket No. 25 in *In re Meade Instruments Corp.*, Case No. 8:19-bk-14714-CB, the pleadings and filings in this case, and upon other such evidence as the Court elects to consider prior to or at the hearing on this matter.

Dated: December 10, 2019                    Respectfully submitted by,

                                            **GOE FORSYTHE & HODGES LLP**


                                            By: /s/Robert P. Goe
                                                Robert P. Goe
                                                Charity J. Manee
                                                Proposed Counsel for Sunny Optics, Inc.,
                                                Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Debtor is a Delaware corporation.  It is a holding company that wholly owns Meade Instruments, Corp. ("Meade").  Meade is also a Delaware corporation that is based in Irvine, California, with multinational operations.  Meade is a leading designer, manufacturer and distributor of telescopes and optical accessories.  In 2016, one of Meade's longtime domestic competitors on the distribution side of Debtor's business, Optronic Technologies, Inc., d/b/a Orion Telescopes & Binoculars ("Orion"), sued Debtor, Meade, and the parent corporation of Debtor, China-based Ningbo Sunny Electronic Co., Ltd. ("Ningbo").[1]  Orion's complaint filed in the United States District Court for the Northern District of California alleged anti-competitive and antitrust violations of federal and California law, as well as unfair business practices pursuant to California's Business and Professions Code.  After three extremely costly years of litigation, on November 26, 2019, a jury verdict was issued in favor of Orion against all defendants in the amount of $16.8 million, however, treble damages would be awarded pursuant to 15 U.S.C. § 15(a), bringing the joint and several liability under the impending judgment to $50,400,000. Debtor disputes its liability to Orion and will challenge and appeal the judgment it anticipates being entered against it.

Following issuance of the verdict, Orion immediately applied for a temporary protective order that would effectively destroy Meade's business by preventing it from paying its foreign suppliers and creditors, including Ningbo, and paying for its foreign operations, including its manufacturing operations in Mexico.  As such, Debtor and Meade filed emergency bankruptcy petitions in order to prevent Orion from shutting Meade down by the protective order or by seizing control of Meade through Debtor.

As noted above, Debtor has no operations of its own and is a holding company for Meade.  Debtor's only two creditors are also creditors of Meade.  As such, Debtor and Meade

---

[1] The lawsuit shall from hereon be referred to as the "Orion Lawsuit."

1  believe joint administration of the Optics Bankruptcy and Meade Bankruptcy will be more

2  efficient and economical than separate administration of the bankruptcy estate.

3  **II.     FACTUAL BACKGROUND**

4       **A.     Debtor's Business and Operations**

5       Debtor wholly owns Meade, a Delaware corporation based in Irvine, California, with

6  multinational operations, which is Debtor's only asset.  Meade is a leading designer, manufacturer

7  and distributor of telescopes and optical accessories.  Meade was founded in 1972 and began as a

8  mail order seller of small refracting telescopes and accessories.  In 1976, Meade started

9  manufacturing its own products.  As part of an expansion in or about 2008, Meade moved its

10  manufacturing operations to Tijuana Mexico, which are conducted through Meade's subsidiary,

11  Meade Instruments Mexico S.DE R.L. DE C.V. ("Meade Mexico"), of which Meade is the 97%

12  owner, with the remaining 3% owned by Meade Instruments Holding Corp., a California

13  corporation that is wholly owned by the Meade.  Meade's manufacturing operations are conducted

14  through Meade Mexico, which generates approximately 40% of Meade's total revenues.  The rest

15  of Meade's revenues are generated by Meade's sales of telescopes, binoculars, spotting scopes,

16  and other finished goods sourced from suppliers in Asia, including but not limited to Ningbo.

17  Meade currently sells finished products to approximately 160 wholesale customers, including

18  distributors, online retailers like Costco and Amazon, a global network of authorized Meade

19  retailers, and others located on every continent.

20       **B.   The Orion Lawsuit**

21       Orion is a California based distributor of telescopes and longtime competitor of Meade on

22  the distribution side of its business.  In early 2013, Meade became available for acquisition.  Orion

23  bid $4.5 million on Meade, but Meade announced that it had entered into a merger agreement with

24  a third-party Jinghua Optics & Electronics.  In the weeks following that announcement, Debtor

25  made an unsolicited bid of $5.5 million, which Meade accepted.  Debtor and Meade closed their

26  sale in July 2013.

27       In 2016, Orion initiated the Orion Lawsuit against Debtor, Meade and Ningbo in the

28  United States District Court for the San Jose Division of the Northern District of California, Case

No. 5:16-cv-06370 EJD.  Orion asserted claims for anti-competitive and antitrust violations of federal and California law, as well as unfair business practices pursuant to California's Business and Professions Code.  Specifically, Orion alleged that (a) Ningbo, a manufacturer and distributor of consumer telescopes, conspired with one of its competitors, also a manufacturer and distributor of consumer telescopes, to fix prices, restrict output and allocate markets, (b) that Ningbo and another party that had previously settled monopolize, attempted to monopolized, and conspired to monopolize the supply and distribution markets for telescopes in the United States, and (3) that Ningbo's 2013 acquisition of Meade violated Clayton Act § 7, which bars acquisitions that tend to create a monopoly.

After three extremely costly years of litigation (on Debtor's side attorneys' fees exceeded $9 million), on November 26, 2019, a jury verdict was issued in favor of Orion against all defendants jointly in the amount of $16.8 million, however, treble damages would be awarded pursuant to 15 U.S.C. § 15(a), bringing the joint and several liability under the impending judgment to $50,400,000.  Following issuance of the verdict, Orion immediately applied for a temporary protective order that, if granted, would effectively destroy Meade's business by preventing it from paying its foreign suppliers and creditors, including Ningbo, which supplies 60% of Meade's inventory, and paying for its foreign operations, including its manufacturing operations in Mexico.

As such, Debtor and Meade required bankruptcy protection on an emergency basis in order to prevent Orion from shutting the Meade, Debtor's only asset, down.  On December 5, 2019, partial judgment on the jury verdict was entered against Ningbo only, in the amount of $50,400,000.  Debtor vehemently disputes its liability to Orion.  In the likely event judgment is also entered against Debtor, Debtor intends to file post-trial motions challenging the judgment as well as an appeal, if necessary.

### C.    The Bankruptcy Estates of Debtor and Optics

On December 4, 2019, Debtor and then Meade filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Central District of California.  Debtor and Meade continue to manage their affairs as Debtors in possession under 11 U.S.C. §§ 1107, 1108.  The only

1    property of the Debtor's estate is its 100% share ownership of Meade.  The only creditors of

2    Debtor are Orion and Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), which are

3    both also creditors of Meade.[2]

4         Debtor and Meade propose to use the caption that is attached hereto as **Exhibit "1"** in the

5    jointly administered cases.  A notice, substantially similar to that attached as **Exhibit "2"** will be

6    sent to all creditors and will be filed in each of the Debtors' cases.  Once jointly administered, the

7    Debtors propose to file only one original document to be placed in the Debtors' case court file.  In

8    all other court files, creditors will be directed to the Meade's case file to locate all pleadings filed

9    subsequent to the Court's joint administration order.

10   **III.    ARGUMENT**

11        Joint administration is "a procedural tool permitting use of a single docket for

12   administrative matters, including the listing of filed claims, the combining of notices to creditors

13   of the different estates, and the joint handling of other ministerial matters that may aid in

14   expediting the cases."  *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994).  "Used

15   as a matter of convenience and cost saving, it does not create substantive rights."  *Id.*  Joint

16   administration is preferred in those circumstances where the affairs of the related debtors are

17   sufficiently intertwined so that joint administration becomes more efficient and economical than

18   separation administration.  9 Collier on Bankruptcy ¶ 1015.03.

19        Bankruptcy courts may jointly administer the bankruptcy cases of related parties, including

20   those of spouses, general partners, and debtors and their affiliates.  Fed. R. Bank. Proc. 1015(b).

21   An "affiliate" is defined as including: (i) a "corporation" in which the debtor owns 20% or more

22   of the voting securities, and (ii) a "person" who business is operated under an operating agreement

23   by a debtor.  11 U.S.C. § 101(2)(B)-(C).  Thus, Debtor is an "affiliate" of Meade within the

24   meaning of Rule 1015(b) because it owns more than 20% of the voting interests in Meade.

25        Here, the financial affairs of Debtor and Meade are sufficiently intertwined to make joint

26   administration more efficient and economical than separate administration of the bankruptcy

27

28

[2] Sheppard Mullin is the firm that has represented Debtor, Optics and Ningbo in the Orion Lawsuit.

1   estates.  Debtor is the 100% owner of Meade and both Debtor and Meade's largest (disputed)

2   creditor is Orion, whose debt both entities need to resolve on appeal (if necessary) and address in

3   their cases to effectively reorganize.  Debtor and Meade intend to propose a joint plan of

4   reorganization that addresses these issues.  Further, Debtor and Meade are represented by the

5   same counsel, which will save both estates administrative expenses.  As such, joint administration

6   of both Debtors' estates is more efficient and economical than separate administration of the

7   bankruptcy estates.  Accordingly, the Court should authorize the joint administration of the Meade

8   Bankruptcy and the Optics Bankruptcy pursuant to Rule 1015(b).  Debtor and Meade also request

9   that the Court render both bankruptcy estates liable for the administrative fees incurred in the

10  cases, though it appears likely that the Meade's case, as the operating debtor, will generate the

11  funds necessary for such payment.

12  **IV.    CONCLUSION**

13          Wherefore, Debtor requests that the Court grant the instant Motion.

14

15  Dated: December 10, 2019                    Respectfully submitted by,

16                                              **GOE FORSYTHE & HODGES LLP**

17

18                                              By: /s/Robert P. Goe_____
                                                    Robert P. Goe
19                                                  Charity J. Manee
                                                    Proposed Counsel for Sunny Optics, Inc.,
20                                                  Debtor and Debtor in Possession

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

Robert P. Goe - State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
cmanee@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Counsel for Debtors and Debtors-in-Possession.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MEADE INSTRUMENTS CORP.,<br>and<br>SUNNY OPTICS, INC.,<br><br><br>Debtors and Debtors-in-Possession. | Case No. 8:19-bk-14714-CB<br><br>[Jointly administered with Case No. 8:19-bk-14711-CB]<br><br>Chapter 11 Proceeding |

# EXHIBIT 2

# EXHIBIT 2

1  Robert P. Goe - State Bar No. 137019
   Charity J. Manee – State Bar No. 286481
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Avenue, Suite 1200
3  Irvine, CA 92612
   rgoe@goeforlaw.com
4  cmanee@goeforlaw.com

5
   Telephone:  (949) 798-2460
6  Facsimile:  (949) 955-9437

7  Proposed Counsel for Debtors and Debtors-in-Possession.

8

9              **UNITED STATES BANKRUPTCY COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11

12  In re:                               Case No. 8:19-bk-14714-CB

13  MEADE INSTRUMENTS CORP.,             [Jointly administered with Case No. 8:19-bk-
    and                                  14711-CB]
14  SUNNY OPTICS, INC.,
                                         Chapter 11 Proceeding
15
                                         **[PROPOSED]** NOTICE OF ORDER
16         Debtors and Debtors-in-Possession.   AUTHORIZING JOINT
                                         ADMINISTRATION
17

18

19

20

21         **TO CREDITORS AND PARTIES IN INTEREST:**

22         **PLEASE TAKE NOTICE** that pursuant to Rule 1015(b) of the Federal Rules of

23  Bankruptcy Procedure, the United States Bankruptcy Court has ordered the joint administration of

24  the following chapter 11 cases:

25         <u>In re Meade Instruments Corp.</u>, a Delaware corporation: Case No. 8:19-bk-14714-CB

26         <u>In re Sunny Optics, Inc.</u>, a Delaware corporation: Case No. 8:19-bk-14711 CB.

27         Joint administration of the estates in each of the above-referenced cases includes:

28         1)      The use of a single docket for administrative matters, including the listing

of claims filed, and the filing, lodging and docketing of any pleadings, orders and all other papers;

2)      The combining of notices to creditors and other parties in interest;

3)      The scheduling of hearings;

4)      Financial reporting by the Debtors;

5)      Joint and several liability of the estates for administrative expenses incurred in the cases; and

6)      The joint handing of other administrative matters.

Pursuant to the Court's order, the official case caption for the Debtors' chapter 11 cases is the caption used in this notice.  All papers filed in the jointly administered cases should use the official caption and case numbers as shown on this notice and should indicate that the cases are jointly administered.  The Debtors' estates have not been substantively consolidated.

Dated: December 10, 2019              Respectfully submitted by,

**GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
      Robert P. Goe
      Charity J. Manee
      Proposed Counsel for Meade Instruments
      Corp., Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF BANKRUPTCY CASES PURSUANT TO FED. R. BANKR. PROC. 1015(b) and LBR 1015-1(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 10, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) December 10, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 10, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Catherine Bauer, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 10, 2019 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

8